**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EMRY LUCAS, | ) |
| | ) |
|                 Plaintiff, | ) |
| | ) |
|       vs. | ) |
| | ) |
| CREDIT PROTECTION DEPOT, INC., | ) |
| | ) |
|                 Defendant. | ) |

**COMPLAINT**

**INTRODUCTION**

       1.     Plaintiff Emry Lucas brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Credit Protection Depot, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

       2.     The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

       3.     The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

**VENUE AND JURISDICTION**

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

5. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District;

   b. Defendant does or transacts business within this District.

**PARTIES**

6. Plaintiff Emry Lucas is an individual who resides in the Northern District of Illinois.

7. Defendant Credit Protection Depot, Inc. is a Nevada corporation with offices at 2840 Highway 95 Alt, Silver Springs, NV 89429. Its registered agent and office is Silver Shield Services, Inc., 3315 Highway 50, Silver Springs, NV 89429.

8. Credit Protection Depot, Inc. is engaged in the business of using mailings and telephone calls to collect consumer debts originally owed to others.

9. Defendant states on its web site: "Credit Protection Depot is a leader in the purchase, sale, and management of underperforming and distressed consumer receivables. Our experience is concentrated in the micro-loan industry. Since our founding in 2005, we have liquidated millions of dollars for our clients."

10. Credit Protection Depot, Inc. is a debt collector as defined in the FDCPA.

**FACTS**

11. Defendant has been attempting to collect from plaintiff a high-interest loan allegedly made by another entity.

12. In July or August 2011, without prior written notice, a representative of defendant called plaintiff's place of employment and discussed the debt with plaintiff's supervisor.

13. Plaintiff was embarrassed and harassed as a result.

## COUNT I – FDCPA

14. Plaintiff incorporates paragraphs 1-13.

15. .Defendant thereby violated 15 U.S.C. §1692c.

16. Section 1692c provides:

**. . . (b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

   (1) Statutory and actual damages;

   (2) Attorney's fees, litigation expenses and costs of suit;

   (3) Such other and further relief as the Court deems proper.

## COUNT II – ICAA

17. Plaintiff incorporates paragraphs 1-13.

18. Defendant is a "collection agency" as defined in the ICAA, 225 ILCS 425/1 et seq.

19. Defendant violated the following provisions of 225 ILCS 425/9:

**. . . (14) Initiating or threatening to initiate communication with a debtor's employer unless there has been a default of the payment of the obligation for at least 30 days and at least 5 days prior written notice, to the last known address of the debtor, of the intention to communicate with the employer has been given to the employee, except as expressly permitted by law or court order. . . .**

**(17) Disclosing or threatening to disclose information relating to a debtor's indebtedness to any other person except where such other person has a legitimate business need for the information or except where such disclosure is regulated by law.**

20. Defendant violated the following provisions of 225 ILCS 425/9.2:

**225 ILCS 425/9.2. (Effective January 1, 2008) Communication in connection with debt collection**

**. . . (b) Except as provided in Section 9.1 of this Act [225-425/9.1], without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector or collection agency may not communicate, in connection with the collection of any debt, with any person other than the debtor, the debtor's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the collection agency. . . .**

21. A private right of action exists for violation of the ICAA. Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

22. Plaintiff was damaged as a result.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

    (1)    Compensatory and punitive damages;

    (2)    Costs;

    (3)    Such other and further relief as is appropriate.

    s/ Daniel A. Edelman
    Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## VERIFICATION

Emry Lucas declares under penalty of perjury that the statements in the foregoing complaint and true and correct.

*Emry Lucas*

5

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)